MANDATE

15-3445
Mace v. Marcus Whitman Central School District

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand seventeen.

PRESENT:
  GUIDO CALABRESI,
  SUSAN L. CARNEY,
    *Circuit Judges*,
  JOHN G. KOELTL,*
    *District Judge.*

_____

REBECCA MACE,
  *Plaintiff-Appellant*,

  v.              No. 15-3445

MARCUS WHITMAN CENTRAL SCHOOL DISTRICT,
MARCUS WHITMAN CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, MICHAEL CHIRCO,
Superintendent,
  *Defendants-Appellees.*
_____

FOR PLAINTIFF-APPELLANT:  Rebecca Mace, *pro se*, Canandaigua, NY.

---

 * Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 03/30/2017

| | |
|---|---|
| FOR DEFENDANTS-APPELLEES: | Charles C. Spagnoli, The Law Firm of Frank W. Miller, East Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 28, 2015 judgment of the District Court is **AFFIRMED**.

Appellant Rebecca Mace, proceeding *pro se*, appeals the District Court's judgment dismissing her complaint brought under the Age Discrimination in Employment Act, in which the District Court granted summary judgment in favor of Marcus Whitman Central School District ("the District"), Marcus Whitman Central School District Board of Education ("the Board"), and Michael Chirco, Superintendent of the District. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). We resolve all ambiguities and draw all reasonable inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In *Delaney v. Bank of America Corp.*, 766 F.3d 163 (2d Cir. 2014) (per curiam), we explained as follows how we analyze age discrimination claims:

> It is well established that the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) applies to claims brought under the ADEA. Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. Once this burden is met, the defendant must then

> articulate some legitimate, nondiscriminatory reason for its action. The defendant need not persuade the court that it was actually motivated by the proffered reason[ ]. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. When the employer meets its burden, the plaintiff can no longer rely on the prima facie case, but must prove that the employer's proffered reason was a pretext for discrimination.

766 F.3d at 167-68 (internal quotation marks and citations omitted) (alteration in original). To prove that the employer's proffered reason was a pretext for age discrimination, the plaintiff must establish that age was a "but for" cause of the employer's adverse employment action. *Id.* at 168.

Here, review of the record and relevant case law reveals that the District Court properly granted summary judgment against Mace. We affirm, for reasons substantially in accordance with those stated by the District Court in its thorough decision of September 25, 2015.

Mace's *pro se* brief, which we construe liberally, also raises two arguments that she did not present to the District Court: she contends first that the District Court was bound by the conclusions reached by an administrative panel in her related workers' compensation case, and second that she was "tenured by estoppel" in January 2010. We generally do not consider arguments raised for the first time on appeal, but we have in the past exercised our discretion to hear such arguments "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks omitted). In this appeal, we decline to consider Mace's tenure-by-estoppel argument, which would require factual and legal development beyond the record.

As to Mace's argument that the District Court was bound by the administrative panel's conclusions, we address it and find it to be meritless. The administrative panel's decision suggests that when the Board denied Mace tenure it might have been influenced by the views of the Board's president, who had a prior conflict with Mace. *Employer: Marcus Whitman CSD*, No. G041 1847, 2012 WL 5857401 (N.Y. Work. Comp. Bd. Oct. 30, 2012). That decision was

not reviewed by a state court and therefore may not be accorded preclusive effect. *Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015) ("[W]e do not give preclusive effect to state agency decisions unless they have been reviewed in a state court proceeding . . . ."). Further, even if the record in this case would permit a rational trier of fact to reach the same conclusion as the administrative panel, the prior conflict between Mace and the Board's president would not suffice to show that the Board's stated reason for denying tenure was a pretext for age discrimination. *See Vill. of Freeport v. Barrella*, 814 F.3d 594, 613 (2d Cir. 2016) ("[F]ederal antidiscrimination law does not forbid . . . favoritism, nepotism, or cronyism, so long as it is not premised on animus against a protected class.").

\* \* \*

We have considered Mace's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit